No. 25,975.

EVERETT V. WADDELL, *Plaintiff*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Defendant*.

SYLLABUS BY THE COURT.

MANDAMUS—*Presentation of Claim for Soldier's Compensation Not Made Within Statutory Limit—Claim Barred*. The facts recited and relied on to excuse the presentation of a claim for compensation until after the statutory limit of time for receiving and auditing of such claims examined, and held that the compensation board properly refused to receive and audit the claim.

Original proceeding in mandamus. Opinion filed November 8, 1924. Motion to quash sustained and the action dismissed.

*R. M. Anderson*, of Beloit, for the plaintiff.
*Charles B. Griffith*, attorney-general, and *Donald W. Stewart*, assistant attorney-general, for the defendants; *Ralph W. Oman*, of Topeka, of counsel.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff, a citizen and resident of Kansas, enlisted in the United States army in 1913. His term of enlistment expired during the world war and he reënlisted and served abroad until he was honorably discharged at Gievres, France, on June 20, 1919. Plaintiff remained in France for over three years, sailing for

the United States in February, 1923. He was shipwrecked, rescued, and landed at Baltimore, where he secured employment. During the winter of 1923-'24 he learned that the state of Kansas had enacted compensation for Kansas soldiers, but he was then seriously ill and unable to learn the requirements for securing it. In May, 1924, he returned to Kansas, at which time he made application for compensation.

The defendant board declined to consider, allow or reject his claim for compensation because of the statute which, in part, reads:

"73-146. Time for presentation of claims. That the state compensation board is directed not to receive any claim or claims, under the provisions of the compensation acts heretofore enacted and that may be enacted at this session of the legislature subsequent to January 1, 1924, and said board shall forthwith publish notice of this direction in the official state paper: *Provided, however,* That this act shall not apply to minors or persons under legal disability." (L. 1923, ch. 8, § 1, Sp. Sess. [H. J. R. No. 1]; Aug. 19.)

Our original jurisdiction in mandamus is invoked to require the defendant board to act on plaintiff's claim. The board moves to quash, and the cause is submitted on the petition and motion.

It seems clear that plaintiff's cause must fail. He was not a minor; he was under no legal disability. To suit his own inclination he tarried in France; he did not keep in touch with affairs in his home state. That he was shipwrecked was unfortunate; likewise that he was ill for some time in the East. But these untoward occurrences only covered a relatively small part of the time provided for the presentation of claims. The state cannot be expected to maintain permanently the necessarily expensive establishment of a compensation board to audit and allow claims which are unreasonably delayed in their presentation. For all practical purposes, so far as Kansas was concerned, the world war ended by the middle of the year 1919 when the mass of Kansas soldiers got home or could have gotten home. (R. S. 73-102.) The setting of the date, January 1, 1924, as the limit when compensation claims would be received and audited was reasonable to the point of generosity, and only complete indifference on the part of plaintiff to what was going on at home could have prevented him from knowing of the adoption and enactment of compensation for Kansas soldiers in plenty of time to take advantage of its terms.

The motion to quash is sustained and the action is dismissed.